**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**ROBERT JOHN WEIDOW a/k/a**
**ROBERT THEODORE WEIDOW**                                   **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 1:08-cv-1486-RHW**

**UNKNOWN BANG,** *et al.*                                   **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER DISMISSING CASE**


Before this court is the plaintiff's civil rights complaint filed pursuant to Title 42, United

States Code, Section 1983. Robert John Weidow, a/k/a Robert Theodore Weidow[1] was

previously granted *in forma pauperis* (IFP) status in this cause pursuant to 28 U.S.C. § 1915.

The April 26, 1996 enactment of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110

Stat. 1321 (1996)("PLRA") modified the requirements for proceeding *in forma pauperis* in

federal courts, by providing that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998), the Fifth Circuit

held that a prisoner with three strikes is entitled to proceed with his action IFP "only if he is in

imminent danger at the time that he seeks to file his suit in district court ... or files a motion to

---

[1]Weidow was arrested and booked as Robert John Weidow, however at the May 19, 2009 omnibus/screening
hearing, he testified his real name is Robert Theodore Weidow.

1

proceed IFP." The Court held *Baños*' allegations that he was subjected to unauthorized and retaliatory body cavity searches for the purpose of sexually harassing him failed to establish that he faced imminent danger of serious injury. When Weidow filed this lawsuit and its accompanying motion for leave to proceed IFP, he did not allege he was in imminent danger of serious injury; he alleged violation of his constitutional rights due to illegal arrest and an assault which occurred at the time of the arrest, unsanitary jail conditions, overcrowding and staph infections. These allegations are insufficient to avoid application of the three strike rule. See, *King v. Livingston*, 212 Fed. Appx. 260, 2006 WL 3627075 (5th Cir. 2006) (holding prisoner's allegations that he had been assaulted several times by defendants and other inmates insufficient to meet the showing required to avoid application of the 28 U.S.C. § 1915(g) three strikes bar.)

Under penalty of perjury, Weidow represented in his complaint [1] that he had not filed any other lawsuits in a court of the United States. He also testified under oath, in omnibus hearings held on May 12, 2009 and May 19, 2009, that he had never before been to a screening or *Spears*[2] hearing. However, it has come to the attention of the court that while incarcerated, Weidow has, in fact, brought several civil actions or appeals under § 1915, at least three of which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See, *Weidow v. Smith, et al.*, No. 0:00cv3096-DWS (District of South Carolina, Nov. 14, 2000); *Weidow v. Richland County Detention Center, et al.*, No. 0:00cv2816-DWS (District of South Carolina, May 25, 2001); and *Weidow v. Richland County, et al.*, No. 0:00cv1072-DWS

---

[2]*Spears v. McCotter*, 766 F. 2d 179 (5th Cir. 185).

(District of South Carolina), *affirmed* 230 F.3d 1356 (4th Cir. 2000).[3]  In light of these facts, Weidow is not entitled to proceed IFP, but is required to pay the filing fee at the time he commences a lawsuit, and his failure to do so warrants dismissal of this action without prejudice.

Prior to entry of [94] the order reassigning this case upon consent, the undersigned had submitted to the District Judge [80] a report and recommendation pointing out Weidow's strikes, and recommending revocation of Weidow's IFP status.  Weidow was afforded the opportunity to respond to the report and recommendation, and he has filed an objection to the report and recommendation [85], three memoranda [83], [86] and [89], and an "objection/appeal" [90].  Not one of these pleadings contains any denial of the strikes he has accumulated.  It is therefore,

**ORDERED AND ADJUDGED**, that Weidow's IFP status is revoked, and judgment will be entered dismissing this case without prejudice.   If Weidow pays the filing fee within thirty days of the date of this dismissal, he may move to reinstate the case.

SO ORDERED, this the 21st day of August, 2009.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[3]See, also, *Weidow v. Anderson*, 2008 WL 168888 (N.D. Fla. 2008)(dismissing complaint as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Weidow v. Crist*, 2007 WL 4570569 (N.D. Fla. 2007) and *Weidow v. Okaloosa County, Florida*, 2008 WL 817095 (N.D. Fla. 2008)(both cases dismissed without prejudice to initiating new actions accompanied by full payment of filing fees); *Weidow v. Okaloosa County, Florida*, 2007 WL 4215381 (N.D. Fla. 2007)(dismissing complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii)).